# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICK HARLOW, JON SCHOEPFLIN, ) <br> MYRA LISA DAVIS, and JIM KOVAL, ) <br> individually and on behalf of a class ) <br> of others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SPRINT NEXTEL CORP. and ) <br> SPRINT/UNITED MANAGEMENT CO., ) <br> ) <br> Defendants. ) | Case No. 08-2222-JWL |

## MEMORANDUM AND ORDER

Plaintiffs Rick Harlow, Jon Schoepflin, Myra Lisa Davis, and Jim Koval filed a lawsuit, individually and on behalf of a class of other similarly-situated persons, against Sprint Nextel Corporation and Sprint/United Management Co. (collectively referred to as Sprint) alleging that Sprint failed to pay them proper commissions.  The case is currently before the court on Sprint's Motion to Dismiss (Doc. 13), which this court construes as a motion for judgment on the pleadings because Sprint has already filed its Answer (Doc. 12). *See* Fed. R. Civ. P. 12(c).  For the reasons stated below, this motion is denied.

## BACKGROUND

According to the Second Amended Complaint (Doc. 43), the named Plaintiffs are current or former employees of Sprint, and they identify the relevant time period of their

employment as ranging from 2003-2008.  Plaintiffs were all subject to a Business Incentive Compensation Plan that governed commissions they would receive based on sales of various products and services.  Due to problems with Sprint's computers, Plaintiffs allege, Sprint failed to pay them the correct commissions.

The Plan provides that "Kansas law governs the Plan" and that any disputes arising under the Plan must be brought in Johnson County Kansas District Court or the United States District Court for the District of Kansas.  (Exs. B-H to Decl. of Laurilyn Dowling, attached to Def. Mem. Supp.)  Thus, Plaintiffs filed their complaint here, initially seeking relief on five causes of action: Count I - Violation of Kansas Wage Payment Act; Count II - Breach of Contract; Count III - Quantum Meruit; Count IV - Promissory Estoppel; and Count V - Unjust Enrichment.

Sprint filed a Motion to Dismiss Counts I, III-V, and part of Count II.  The parties entered a Joint Stipulation (Doc. 24) to dismiss Counts III-V with prejudice, and the Second Amended Complaint, filed after the motion to dismiss, renders moot Sprint's motion as it relates to Count II.  Thus, only the portion of the motion discussing Count I requires analysis.

**STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS**

A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).  The court will dismiss a cause of action

for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 127 S. Ct. at 1964-65. The court accepts the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 1965, and views all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965 (citations omitted). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION

### Count I - Violation of the Kansas Wage Payment Act

Sprint argues that the named Plaintiffs cannot seek protection under the Kansas Wage Payment Act (KWPA) because none of them live or work in Kansas. To support its contention, Sprint cites to *Glass v. Kemper Corp.*, 133 F.3d 999 (7th Cir. 1998), a Seventh

Circuit decision holding that the Illinois Wage Payment and Collection Act does not apply to employees outside of Illinois.

*Glass* is distinguishable for two reasons. First, the Illinois Act specifically states that it applies to "employers and employees *in this state*." 820 ILCS 115/1 (emphasis added); *see also Glass*, 133 F.3d at 1000. The KWPA contains no such express geographic restriction. *See, e.g.*, K.S.A. § 44-313 (defining "employer" and "employee"). Additionally, the disputed employment contract in *Glass* did not include a choice of law provision, but the Plan at issue here contains an explicit requirement that "Kansas law governs the Plan."

Sprint contends, however, that the choice of law provision cannot give extraterritorial effect to the KWPA. Neither Kansas law nor Tenth Circuit cases interpreting and applying the KWPA offer much guidance on its extraterritorial effect. The Ninth Circuit, however, has adopted a position that strikes an appealing balance between a state law and a choice of law provision. The Ninth Circuit has concluded that where a state law includes no express geographical limitation, courts may apply it to a contract that, because of a choice of law provision, falls under that state's law. *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1223 (9th Cir. 2003). If, on the other hand, the state law contains limits on its geographical scope, "courts will not apply it to parties falling outside those limitations, even if the parties stipulate that the law should apply." *Id.*

This court believes that, if faced with this question, the Tenth Circuit would adopt the Ninth Circuit's reasoning to resolve this Kansas law issue. Thus, under this approach, the

KWPA, with no geographical restriction, can apply to the parties through the Plan's choice of law provision.

Sprint next maintains that the choice of law provision does not include the KWPA because the provision governs only "the Plan." Accordingly, Sprint argues, Kansas law controls "only the question whether, under the Plan, Plaintiffs are entitled to any commissions under the Plan." (Def.'s Reply Br. 14.) But whether there are "<u>other obligations external to the Plan</u> that apply to those commissions" (*id.*), such as "compliance with the tax laws or compliance with state wage <u>payment</u> laws," is answered by looking to the law of the state where each named Plaintiff worked (Def. Mem. Supp. 14).

Sprint's interpretation of the choice of law provision is impossibly narrow and creates an artificial and seemingly-illogical distinction between earning commissions and actually receiving them. Nothing in the Plan supports that demarcation, particularly given that it "is designed to provide Participant with Sale Incentive *Compensation*" (*see, e.g.*, Ex. B to Decl. of Laurilyn Dowling, attached to Def. Mem. Supp., 4 (emphasis added)), and that it describes several different types of payments to which employees are entitled (*see, e.g.*, *id.* at 23-30). Moreover, any ambiguity in the language of the Plan must be resolved against Sprint, the party who drafted the agreement. *Time Warner Entm't Co., L.P. v. Everest Midwest Licensee, L.L.C.*, 381 F.3d 1039, 1045 (10th Cir. 2004) (applying Kansas law).

Thus, the KWPA is not limited to employees who live and work in Kansas, and the choice of law provision contained in the Plan allows Plaintiffs to seek relief under Kansas law, including the KWPA.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss (Doc. 13) is denied as to Count I and denied as moot as to Counts II-V.

**IT IS SO ORDERED** this 2nd day of September, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
