**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RICK HARLOW, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION** |
| ) | **No. 08-2222-KHV** |
| **SPRINT NEXTEL CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On December 10, 2008, the Court certified a class of employees seeking to recover unpaid commissions under the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-313 et seq. and Kansas contract law.  The Court also ordered plaintiffs to submit a proposed class notice under Rule 23(b)(3), Fed. R. Civ. P.  On March 20, 2009, the parties submitted a joint proposed class notice for Court approval.

Rule 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The notice must clearly and concisely state in plain, easily understood language:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

In addition to the requirements of Rule 23, the due process clause also guarantees unnamed class members the right to notice of certification.  DeJulius v. New Eng. Health Care Employees, 429 F.3d

935, 943-44 (10th Cir. 2005); Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974). The Federal Rules of Civil Procedure allow the district court discretion in fashioning notice in class actions. Burns v. Copley Pharm., No. 96-8054, 1997 WL 767763, at *3 (10th Cir. Dec. 11, 1997) (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 145, 168 (2d Cir. 1987)).

The Court must ensure that the class notice is fair and accurate but should not alter plaintiffs' proposed notice unless necessary. See Gieseke v. First Horizon Home Loan Corp., No. 04-2511-CM, 2007 WL 1201493 (D. Kan. Oct. 11, 2006) (citing Heitmann v. City of Chicago, No. 04-C-3304, 2004 WL 178420, at *3 (N. D. Ill. July 30, 2004)). The Court has reviewed the proposed notice and finds that it meets the standards set out in Fed. R. Civ. P. 23(c)(2)(B). The Court directs counsel for plaintiffs to mail copies of the Notice set forth in Appendix A to each employee identified as a potential member of the class.

Dated this 8th day of April, 2009, at Kansas City, Kansas.

>s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge