IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICK HARLOW, JON SCHOEPFLIN, MYRA LISA DAVIS, and JIM KOVAL individually and on behalf of a class of others similarly situated, </br></br>       Plaintiffs, </br></br> v. </br></br> SPRINT NEXTEL CORPORATION, a Kansas corporation, and SPRINT/UNITED MANAGEMENT COMPANY, a Kansas corporation, </br></br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )      Case No. 2:08-CV-02222 (JWL-DJW) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Sprint Nextel Corporation and Sprint/United Management Company ("Defendants") respond to Plaintiffs' Notice of Supplemental Authority and, in particular, Plaintiffs' attachment of Honorable James P. O'Hara's October 11, 2011 Court Order in Roxie Sibley, et al., v. Sprint Nextel Corp., et al., No. 02:08-CV-02063-KHV/JPO (D. Kan.) ("Sibley Order"). (Doc. Nos. 177 and 178.) Plaintiffs claim that the Sibley Order is applicable to and should control Defendants' pending Motion to Compel Plaintiffs' Responses to Defendants' Second Set of Interrogatories and Second Set of Requests for Production of Documents ("Motion") in this case. As set forth below, Plaintiffs' argument is incorrect.

Defendants strongly disagree with the ruling in the above-referenced Sibley Order. Indeed, with regards to the Sibley Order, Defendants maintain that, consistent with the applicable

1

case law, Plaintiffs failed to provide an adequate trial plan, and Defendants are entitled to Plaintiffs' trial plan at this stage of the proceedings.

Further, even if the Sibley Order is in accordance with the prevailing case law (which it is not), it still has no influence on the pending Motion in this case because this case is substantially different than Sibley.  Sibley involves a class of Sprint employees and former employees in Defendants' retail channels while this case concerns a class of Sprint employees and former employees in Defendants' business channels.  The process for administering and processing commissions are vastly different between Defendants' retail and business channels, including different commission plans, several order entry systems, and other substantial commission operation differences.  Thus, Plaintiffs' trial plan in this case should differ from those submitted in Sibley.  However, Plaintiffs' trial plan and discovery responses in this matter do not differ at all from those submitted in Sibley.  As a result, the Sibley Order does not control Defendants' Motion in this case, and Plaintiffs' refusal to offer an adequate trial plan support Defendants' Motion.

Moreover, the Sibley Order does *not* address every issue in Defendants' pending Motion in this case.  Whereas the Sibley Order only relates to the trial plan issue, the pending Motion in this case involves the production of a trial plan and the production of class member and prospective class member survey responses.  As a result, the Sibley Order has absolutely no bearing on the issue of production of class member and prospective class member survey responses in this case.

Accordingly, this Court should give little, if any, weight to the Sibley Order in adjudicating Defendants' Motion in this case.

Respectfully submitted this 13th day of October, 2011.

/s/ Michael L. Blumenthal
**SEYFERTH, BLUMENTHAL & HARRIS LLC**
Michael L. Blumenthal
KS Bar No.18582
300 Wyandotte Street, Suite 430
Kansas City, Missouri 64105
Tel: 816-756-0700
Fax: 816-756-3700


/s/ Elise M. Bloom
**PROSKAUER ROSE LLP**
Elise M. Bloom*
Eleven Times Square
New York, New York 10036
Tel: 212-969-3410
Fax: 212-969-2900
(*Admitted *Pro Hac Vice*)

*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2011, the foregoing **Defendants' Response to Plaintiffs' Notice of Supplemental Authority** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>George A. Hanson
>Stueve Siegel Hanson LLP
>460 Nichols Road, Suite 200
>Kansas City, Missouri 64112
>
>Nichols Kaster, PLLP
>Donald H. Nichols
>Paul J. Lukas
>Michele R. Fisher
>4600 IDS Center, 80 South 8th Street
>Minneapolis, Minnesota 55402

>Respectfully submitted,
>
>/s/ Michael L. Blumenthal
>Michael L. Blumenthal
>Kansas Bar No. 18582
>SEYFERTH, BLUMENTHAL & HARRIS LLC
>300 Wyandotte Street, Suite 430
>Kansas City, Missouri 64105
>Telephone: 816-756-0700
>Facsimile:  816-756-3700
>E-mail:  mike@sbhlaw.com