**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Rick Harlow, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SPRINT NEXTEL CORPORATION, et al., <br><br> Defendants. | Case No. 08-cv-2222 KHV/DJW |

**PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO**
**FEDERAL RULES OF CIVIL PROCEDURE 30(B)(6)**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition of Defendants Sprint Nextel Corporation and Sprint/United Management Company (collectively referred to as "Sprint") through one or more of their corporate representatives most knowledgeable about the topics listed herein. These depositions will take place on Thursday, November 15, 2012 at 9:00 a.m. at a place to be mutually agreed upon by the parties, and will continue thereafter by adjournment until completed. The depositions will be taken before a notary public or other officer duly authorized to administer oaths and will be recorded stenographically and by video.

Defendants are obligated to designate one or more officers, directors, managing agents, or other persons most knowledgeable to testify about the topics set forth herein. Deponent(s) provided by Sprint shall be prepared to answer questions relating to:

     1.     How Sprint identified the class members and generated the class lists produced in this action, and who participated in identifying the class members and generating the class lists.

2. How Sprint's Business Direct Channel commission plans were interpreted and implemented by Sprint and what obligations the plans imposed on Sprint's Business Direct Channel employees from January 1, 2006 through January 31, 2010.

3. Sprint's commissions department structure (who worked where, in what positions, doing what jobs, and when and who they reported to) for the Business Direct Channel from January 1, 2006 through January 31, 2010.

4. Sprint's appeals and escalations process for Business Direct Channel employees from January 1, 2006 through January 31, 2010 and any problems the appeals group observed in Sprint's payment of commissions to the Business Direct Channel employees.

5. The process in Sprint's Business Direct Channel of what happens to transactions from order entry through the payment of commissions, any problems with such process that related to commissions, and what systems, personnel and departments are involved in that process, from January 1, 2006 through January 31, 2010.

6. Sprint's policies and procedures for exceptions processing and management in Ensemble, G7L, G8L, TruComp, and COS. (See, e.g., February 28, 2012 deposition of Tim Rassette in *Sibley v. Sprint Nextel Corp.*, at 36-37.)

7. Sprint's process for determining whether a match of records occurs in its commissions related systems between the order entry or inventory tracking systems and the customer billing systems, as specified in Sprint's Compensation Plans, from January 1, 2006 through January 31, 2010, for its Business Direct Channel employees. This topic includes all systems, data, departments, and personnel involved in the matching process.

8. The role of all departments tasked with processing or entering Business Channel related orders or crediting class members with specific transactions for purposes of commissions,

such as the BSRO, GBRC departments, their predecessor or successor departments, as well as any third-parties who provided this service (such as Elite Wireless). This also includes all systems and data involved in the process, and the processes used, from January 1, 2006 through January 31, 2010.

9. The storage and maintenance of SKU and SOC data, related to the Business Direct Channel, the systems in which that data is used and kept, and the format of such data.

10. Sprint's efforts to ensure that Business Direct Channel employees were paid accurate commissions, including the Comp Admin audit team, CPMO, Incentive Compensation Excellence PMO, Sales Operations Compensation Project, and the ACT PMO, and who took part in these task forces/projects, what they did, what findings and/or recommendations they made, and whether such findings and/or recommendations were implemented by Sprint from January 1, 2006 through January 31, 2010.

11. Sprint's policies and practices relating to recoupment and recalculations for overpayments and underpayments in the Business Direct Channel from August 12, 2005 through January 31, 2010, and the maintenance of that information.

12. Sprint's problems, issues, or system complications from August 12, 2005 through January 31, 2010 that affected the proper tracking, calculation, and/or timely payment of commissions to Business Direct Channel employees.

13. Sprint's problems, issues, or system complications from August 12, 2005 to January 31, 2010 involving data scrubs and data feeds affecting the Business Direct Channel employees' commissions.

14. Sprint's problems, issues, or system complications from August 12, 2005 to the January 31, 2010 with class member-related identifiers (such as Agent Codes) and/or sales

channel IDs that affected the accurate payment of commissions and resolution of appeals for Business Direct Channel employees.

Dated:  October 1, 2012                             **STUEVE SIEGEL HANSON LLP**

/s/Ashlea G. Schwarz
Ashlea G. Schwarz, KS Bar No. 23491
Email: ashlea@stuevesiegel.com
George A. Hanson, KS Bar No. 16805
Email: hanson@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
Fax: (816) 714-7101

**NICHOLS KASTER, PLLP**

/s/Michele R. Fisher
Michele R. Fisher, MN Bar No. 303069*
Email: fisher@nka.com
Paul J. Lukas, MN Bar No. 22084X*
Email: lukas@nka.com
Rebekah L. Bailey, MN Bar No. 389599*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 256-3200
Fax: (612) 215-6870
*admitted *pro hac vice*

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification to the following attorneys of record:

| | |
|---|---|
| Hunter Hughes<br>Rogers & Hardin<br>2700 International Tower,<br>Peachtree Center<br>229 Peachtree Street, N.E.<br>Atlanta, Georgia 30303<br>hrh@rh-law.com | Thomas Mew<br>Rogers & Hardin<br>2700 International Tower,<br>Peachtree Center<br>229 Peachtree Street, N.E.<br>Atlanta, Georgia 30303<br>TMew@rh-law.com |
| Joseph H. Knittig<br>3000 NW 50th St.<br>Kansas City, MO 64150<br>816-547-1495<br>joek@c3missions.org | Mark W. Batten<br>Proskauer Rose LLP<br>One International Place<br>Boston, Massachusetts 02110<br>mbatten@proskauer.com |
| Steven D. Hurd<br>Jacqueline M. Dorn<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, New York 10036-8299<br>jdorn@proskauer.com<br>shurd@proskauer.com | Elise M. Bloom<br>Gregory Rasin<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, New York 10036-8299<br>ebloom@proskauer.com<br>grasin@proskauer.com |
| Nicole A. Eichberger<br>Proskauer Rose LLP<br>650 Poydras Street, Suite 1800<br>New Orleans, Louisiana 70130<br>neichberger@proskauer.com | Michael L. Blumenthal<br>Seyferth, Blumenthal & Harris LLC<br>300 Wyandotte, Suite 430<br>Kansas City, Missouri 64104<br>mike@sbhlaw.com |

Dated: <u>October 1, 2012</u>               <u>/s/Ashlea G. Schwarz</u>
                                            Counsel for Plaintiffs