**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RICK HARLOW, JON SCHOEPFLIN, and, MYRA LISA DAVIS, individually and on behalf of a class of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION, a Kansas corporation,<br><br>and<br><br>SPRINT/UNITED MANAGEMENT COMPANY, a Kansas corporation,<br><br>    Defendants. | Case No. 08-cv-2222 KHV/DJW |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE**
**FOURTH AMENDED SCHEDULING ORDER**

Since the Court issued the Fourth Amended Scheduling Order, (ECF No. 168), in July of 2011, the parties have been diligently engaged in discovery: exchanging numerous sets of written requests and responses, taking depositions, and coordinating data productions. Even with these efforts, however, the parties are still working hard to finalize data exchanges in preparation for upcoming expert disclosures and dispositive motion deadlines. Discovery is presently set to conclude next month; yet, more must be done. As such, and with good cause, Plaintiffs bring this motion, requesting an amendment to the operative scheduling order that will sufficiently permit the parties to fully conclude their data production, analysis, and calculation efforts. This request will only affect the present trial date by two months.

**FACTUAL BACKGROUND**

I)   **LITIGATION LEADING UP TO THE FOURTH AMENDED SCHEDULING ORDER IN *HARLOW* AND IN *SIBLEY*.**

Plaintiffs brought a nationwide class action, alleging Defendants improperly denied business-direct channel employees' wages due pursuant to their commission agreements, ("the *Harlow* action"), and this Court certified the case as a nationwide class action on December 10, 2008. (Cert. Order, ECF No. 77.)  Plaintiffs filed this case three months after the filing of the related action *Sibley v. Sprint Nextel Corp.*, Case No. 02:08-CV-02063-KHV/JPO (D. Kan.) ("the *Sibley* action").  *Sibley* involves the defendants' failure to pay commissions to another sector of their workforce—the retail channel.  The parties in *Sibley* are represented by the same counsel, and employ the same expert resources, as the parties in *Harlow*.  Due to the later nature of the filing, the similar issues involved, and the overlapping counsel, discovery efforts in *Harlow* have historically followed behind the progression of discovery in *Sibley*.  (*See* Jt. Mot. ¶ 2, ECF No. 166 ("[T]he discovery conducted by the parties in *Harlow* was behind the progression of discovery conducted in the *Sibley* action . . . .").)

Largely because of the voluminous information at issue, both cases utilize a three-phase process for the exchange of sales and commissions-related data, in addition to the regular discovery process. (*See, e.g.*, Am. Sch. Order, ECF No. 95.)  During the first phase of the data exchange ("Stage 1") in *Harlow*, Defendants produced to Plaintiffs the commissions-related data for the three named-Plaintiffs who held non-supervisory positions.  (*see id.* ¶ 2.f.)  Plaintiffs reviewed this data.  During Stage 2, Plaintiffs specified the additional data they believed they would need to perform their analysis for the entire class. (*See id.* ¶ 2.g.)  During Stage 3, Defendants were to produce the data that the parties agreed was necessary for the entire class. (*Id.* ¶ 2.h.)

2

Before the parties could conclude Stage 2, however, this Court stayed *Harlow* to permit the parties to explore mediation. (Order, ECF No. 146.) Ultimately, the parties agreed to first mediate *Sibley*. This Court continued the stay in *Harlow* several times while the parties in *Sibley* underwent a multi-staged mediation process. (Orders, ECF Nos. 148, 151, 153.) The extensive and good-faith efforts that the *Sibley* parties made during mediation between October 2010 and January 2011 are summarized in the *Harlow* parties' Joint Motion to Further Stay Proceedings Pending Mediation, filed with this Court on January 18, 2011. (Jt. Mot., ECF No. 152.) After five mediation sessions, the parties in *Sibley* were unable to resolve that action. Following these mediations, the parties in *Harlow* determined that settlement talks would also be unfruitful in this case for similar reasons. The stay in *Harlow* expired on June 1, 2011. (Order, ECF No. 153.)

## II)   THE FOURTH AMENDED SCHEDULING ORDER.

Pursuant to the Court's previous order, the *Harlow* parties submitted a proposed revised scheduling order on June 23, 2011. (Jt. Mot., ECF No. 166.) The parties requested an extended discovery approach because of the complex nature of the case and because of the copious amounts of data still yet to be reviewed, produced, and analyzed. (*Id.* ¶ 12 ("This case involves data from many different systems, including order-entry systems, billing systems, commissions information processing systems, and payroll systems – some of which are no longer in use. Moreover, each of the data sets often contain tens or hundreds of millions of transaction records, with data formats that have changed over time.").)[1]

---

[1] The parties explained the need for so much time gathering data by referencing the time it took to make earlier productions in *Sibley*:

> While the exact amount of data is not yet known in this case, the mediation production in *Sibley* is instructive. For the 95 individuals, for a 2-year period, it took Sprint 5 months to pull the data, and it took the parties' experts many months to standardize, import, and analyze it. The *Sibley* data, which was pulled from a much smaller number of systems and included Sprint's customer billing data,

3

The parties also requested—and the court adopted—a scheduling order that staggered deadlines slightly behind the corresponding schedule in *Sibley*. (*Id.*; 4th Am. Sch. Order, ECF No. 168.) The parties made such a request because "the time-consuming nature of [both] actions, coupled with the fact that the same internal resources at Sprint will be responsible for both data pulls and the parties will be employing the same resources . . . ." (Jt. Mot. ¶ 16, ECF No. 166.) This approach realistically took into account the sharing of resources occurring by all parties in both cases. Specifically, the July 15, 2011 order provided the following deadlines, which contrasted with the operative *Sibley* deadlines as follows:

| Event | *Harlow* 4th Am. Sch. Order Deadlines | *Sibley* Deadlines (at that time) |
|---|---|---|
| All factual discovery completed | January 31, 2013 | November 21, 2012 |
| Expert disclosures and reports | April 1, 2013 | May 21, 2012 |
| Rebuttal expert reports disclosures and reports | July 15, 2013 | September 21, 2012 |
| Deadline for response to a rebuttal report, provided that the party that produced the rebuttal report did not produce a prior expert report | August 15, 2013 | November 30, 2012 |
| All expert discovery completed | September 16, 2013 | Not provided |
| Proposed pretrial order due | October 8, 2013 | January 4, 2013 |
| Final Pretrial Conference | October 15, 2013 @ 10:00 a.m. | January 14, 2013 @ 9:00 a.m. |
| All dispositive motions | October 31, 2013 | January 30, 2013 |

---

contained 4.3 billion individual records and 2.38 terabytes of data. Sprint does not anticipate that the data to be pulled in *Harlow* will be any less than that pulled for the *Sibley* mediation. ***Furthermore, the parties' respective experts' analysis of the* Harlow *data will be more complicated as a result of the greater number of systems and commissions plans involved.***

(Jt. Mot. ¶ 13, ECF No. 166 (emphasis added).)

4

| Motions challenging the admissibility of expert testimony | November 29, 2013 | January 30, 2013 |
|---|---|---|
| Trial | March 3, 2014 | June 13, 2013 |

(4th Am. Sch. Order, ECF No. 168); 4th Amended Scheduling Order, Sibley v. Sprint Nextel Corp., No. 02:08-CV-02063-KHV/JPO (D. Kan.), ECF No. 227 (attached hereto as Exhibit A). The *Harlow* deadlines above track the *Sibley* deadlines, ranging from two months to twelve months behind, with the vast majority of the deadlines trailing behind by approximately ten months.

### III) LITIGATION EFFORTS IN *HARLOW* AND IN *SIBLEY* SINCE THE COURT'S ENTRY OF THE FOURTH AMENDED SCHEDULING ORDER.

Following the entry of the fourth amended scheduling order in *Harlow*, the parties in both cases worked vigorously to complete discovery and to prepare for the production of their expert disclosures.

### A) Litigation in *Sibley*

The parties worked through various issues with the Stage 3 data, prepared expert reports, and continued with traditional discovery and litigation. For example, the *Sibley* parties took thirteen additional depositions, the parties served additional discovery requests, and the parties engaged in motion practice on the following motions: four motions to compel, *Sibley*, ECF Nos. 229, 240, 260, 262, one motion for a protective order, *id.*, ECF No. 311, the defendants' motion for summary judgment, *id*, ECF No. 283, and the plaintiffs' two motions to strike, *id.*, ECF Nos. 296, 365 (pending).

At the same time, the parties in *Sibley* diligently worked through many issues with the Stage 3 data. For example, the sheer size of the data (1.7 Terabytes) made pulling the data, reviewing the data, and calculating damages significantly more time consuming and cumbersome

5

than originally anticipated. Memorandum in Support of Joint Motion to Modify at 5, *Sibley*, ECF No. 341 (attached hereto as Exhibit B); Memorandum in Support of Motion to Extend at 4, *Sibley*, ECF No. 351 (attached hereto as Exhibit C). To propound the problem, some of the Stage 3 data provided by the defendants was incomplete or corrupt and had to be reproduced. Memorandum in Support of Unopposed Motion to Modify at 5–6, *Sibley*, ECF No. 326 (attached hereto as Exhibit D). Also, the parties disagreed as to whether all information promised at Stage 3 was indeed produced, which caused the plaintiffs' experts to have to revise their calculation methods, again a time-consuming process. These efforts undoubtedly caused considerable delay and warranted considerable attention and expert resources.

As such, the court in *Sibley* modified the scheduling order several more times to accommodate the parties' efforts and unanticipated challenges. The present *Sibley* scheduling order provides for the following deadlines:

| Event | Current *Sibley* Deadlines |
|---|---|
| All factual discovery completed | January 21, 2013 |
| Expert disclosures and reports | October 15, 2012 |
| Rebuttal expert reports disclosures and reports | February 14, 2013 |
| All expert discovery completed | March 11, 2013 |
| Proposed pretrial order due | March 4, 2013 |
| Final Pretrial Conference | March 14, 2013 @ 9:00 a.m. |
| All dispositive motions | March 25, 2013 |
| Motions challenging the admissibility of expert testimony | March 25, 2013 |
| Trial | August 5, 2013 |

6

7th Amended Scheduling Order, *Sibley*, ECF No. 355 (attached hereto as Exhibit E). Expert reports were indeed filed on October 15, 2012, and the parties are presently preparing their rebuttal reports, engaging in expert discovery, completing written discovery and scheduled depositions, preparing dispositive motions, and preparing proposed pretrial orders—all of which are due in the next three to four months. The operative scheduling orders in both *Sibley* and *Harlow* currently call for the completion of fact discovery within ten days of one another. *Id.*; (4th Am. Sch. Order, ECF No. 168.) This means that the final supplementations to initial disclosures in both cases are due this month.

**B)** **Litigation in *Harlow***

Meanwhile, in *Harlow*, Plaintiffs have served additional discovery (to which Defendants are presently responding); Defendants have deposed ten plaintiffs and class members; the parties are currently engaged in a multiple-designee Rule 30(b)(6) deposition process; and Plaintiffs have served notices for an additional seven depositions.

The parties concluded Stage 2 data productions and Defendants produced Stage 3 data on January 30, 2012, February 3, 2012, March 6, 2012, March 26, 2012, and April 3, 2012. These productions include almost 670 gigabytes of data. Even so, Defendants' Stage 3 production remains incomplete. For example, the parties are presently working to resolve discrepancies that exist in the Stage 2 requests and the Stage 3 sample productions for order-entry systems. Once these issues are resolved, Defendants still need to pull that data for the class and produce it. The *Harlow* parties' experts cannot begin their commission system/damage calculation analysis until the remaining data has been agreed upon and exchanged and until significant portions of the Rule 30(b)(6) deposition process are completed. (Nickel Decl. ¶¶ 5–6.)

Although much is being accomplished, the discovery efforts in *Harlow* have been slowed by the simultaneous concentration of expert resources and delays experienced in *Sibley*. Even

7

though the scheduling order in *Sibley* has been revised twice since *Harlow* was set up to trail it, the *Harlow* deadlines have not. As a result, Plaintiffs request a modification of the scheduling order so that the *Harlow* action again trails the operative deadlines in *Sibley* in a practical and efficient manner, and as the parties previously contemplated. Plaintiffs propose the following modifications:

| Event | Requested *Harlow* Deadlines |
|---|---|
| All factual discovery completed | November 14, 2013 |
| Expert disclosures and reports | August 15, 2013 |
| Rebuttal expert reports disclosures and reports | December 16, 2013 |
| Deadline for response to a rebuttal report, provided that the party that produced the rebuttal report did not produce a prior expert report | January 13, 2014 |
| All expert discovery completed | February 11, 2014 |
| Proposed pretrial order due | January 6, 2014 |
| Final Pretrial Conference | January 17, 2014 |
| All dispositive motions | January 27, 2014 |
| Motions challenging the admissibility of expert testimony | January 27, 2014 |
| Trial | May 5, 2014 |

As the Court can see, the trial date under this proposal would only be extended by two months.

Plaintiffs contacted Defendants with their proposal on November 30, 2012. Defendants informed Plaintiffs on December 5, 2012 that they would not agree to jointly seek the extensions proposed by Plaintiffs, and that they believe that extensions of two months for each existing deadline would be more appropriate. Two months, however, is not sufficient to accomplish the existing productions, data review, and calculations necessary to move forward with substantive

8

motion practice and the finalization of discovery.  Rather, an amended scheduling order that once again tracks the operative scheduling order in *Sibley* would be more appropriate.  For this reason, Plaintiffs submit this motion.

## LEGAL ANALYSIS

Requests to amend the scheduling order are granted upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  A demonstration of good cause "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir.1994).  The above-outlined events illustrate that Plaintiffs engaged in good faith efforts to comply with existing deadlines and that Plaintiffs have good cause for requesting these amendments.

In both this and the *Sibley* matter, the parties have been actively and consistently engaged in complex data analysis and discovery.  These processes have proved time consuming, involving large amounts of data from multiple systems.  While the parties have been consistently exchanging discovery and taking depositions, they have no doubt experienced delay in the Stage 3 data production process.  This delay was the result of unanticipated data issues and time-consuming data review in both this and the *Sibley* matter, and not from inaction by either party.

Plaintiffs' proposed revision to the scheduling order will provide the parties with sufficient time to conclude their exchange of Stage 3 data, and to analyze and calculate damages in preparation for expert reports, dispositive motions, and trial.  Plaintiffs' proposed revision also allows this case to once again trail slightly behind *Sibley* so that the parties have access to adequate resources to complete the upcoming tasks in both matters in an efficient and productive way.

A two month extension for each the remaining deadlines would not suffice to provide either party with the opportunity to accomplish the tasks that lay ahead.  This fact is illustrated

9

by a review of the unanticipated delays that occurred in *Sibley* despite those parties' best efforts. In the spring of 2011, the *Sibley* parties believed they would be ready to submit expert reports by May 2012. Due to unforeseen data issues and disagreements, these reports were not filed until October 2012—five months later. These *Sibley* delays no doubt impacted the status of data discovery and review in *Harlow* as the parties' experts were diligently working to analyze and compute many terabytes of data in *Sibley* during the Stage 3 production process in *Harlow*. Because of that, the Stage 3 production process in *Harlow* has yet to be completed. Plaintiffs' experts cannot even begin their analysis until this data is finally provided. Given this, it is unlikely that Plaintiffs' experts can analyze the data (once received), build a damage calculation, and provide an expert report all by the current expert-report deadline set in April—four months from now.

As such, Plaintiffs respectfully request that the Court issue the scheduling order consistent with this request.

Respectfully submitted,

Dated:  December 10, 2012

**STUEVE SIEGEL HANSON LLP**
*/s/Ashlea G. Schwarz*
Ashlea G. Schwarz
Email: ashlea@stuevesiegel.com
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: (816) 714-7100
Fax: (816) 714-7101

**NICHOLS KASTER, PLLP**
*/s/Michele R. Fisher*
Michele R. Fisher*
Email: fisher@nka.com
Rebekah L. Bailey*
Email: bailey@nka.com
Paul J. Lukas*
Email: lukas@nka.com
4600 IDS Center, 80 South 8th Street

Minneapolis, MN 55402
Email: fisher@nka.com
Tel: (612) 256-3200
Fax: (612) 215-6870
*admitted *pro hac vice*

*Attorneys for Plaintiffs*