# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RICK HARLOW, JON SCHOEFLIN, and**
**MYRA LISA DAVIS,** individually and on
behalf of a class of others similarly situated**,**

        **Plaintiffs,**

v.

**SPRINT NEXTEL CORPORATION,** a Kansas
corporation, and **SPRINT/UNITED**
**MANAGEMENT COMPANY,** a Kansas
corporation**,**

        **Defendants.**

**CIVIL ACTION**

**Case No. 08-2222-KHV-DJW**

## FIFTH AMENDED SCHEDULING ORDER

This matter is before the Court on Plaintiffs' Motion to Modify the Fourth Amended Scheduling Order (ECF No. 229). Plaintiffs move the Court to amend the Amended Scheduling Order (ECF No. 95), as previously amended by the Second Amended Scheduling Order (ECF No. 100) and Third Amended Scheduling Order (ECF No. 128), and Fourth Amended Scheduling Order (ECF No. 168), by extending several deadlines and settings, including the trial setting. Plaintiffs request that the discovery deadline be extended 10 months, the dispositive motion deadline be extended by 3 months, and the trial setting be continued 2 months. Defendants oppose modifying the Scheduling Order deadlines as requested by Plaintiffs. They assert that a 2-month extension of each deadline (including the discovery deadline) is sufficient and more appropriate. They argue that Plaintiffs have not shown good cause to extend the discovery deadline by an additional 10 months (in addition to the previous 17 months of discovery already allowed).

Plaintiffs maintain that the longer extensions are necessary as the parties have been actively and consistently engaged in complex data analysis and discovery. These processes have proved time consuming, involving large amounts of data from multiple systems. While the parties have been consistently exchanging discovery and taking depositions, they have no doubt experienced delay in the Stage 3 data production process. This delay was the result of unanticipated data issues and time-consuming data review in both this and the related *Sibley* case, and not from inaction by either party.  Plaintiffs argue that their proposed extensions will provide the parties with sufficient time to conclude their exchange of Stage 3 data, and to analyze and calculate damages in preparation for expert reports, dispositive motions, and trial.  Plaintiffs' proposed revision also allows this case to once again trail slightly behind the related case *Sibley* so that the parties have access to adequate resources to complete the upcoming tasks in both matters in an efficient and productive way.

Based upon its review of the motion and related briefing, the Court finds that Plaintiffs have shown good cause for some extension of the current January 31, 2013 discovery deadline.  They have not shown good cause to extend it the full 10 months requested however. Defendants' counterproposal of a mere 2-month extension of fact discovery also does not seem sufficient given the remaining Stage 3 data production and the number of depositions left to be taken.  Some of Plaintiffs' proposed other expert-related deadlines are also problematic.  For example, Plaintiffs' proposed deadline for the completion of expert discovery is after the final pretrial conference, the dispositive motion deadline, and the deadline for filing motions challenging the admissibility of experts.  After consultation with the District Judge, Plaintiffs' motion will be granted in part and denied in part.  The dispositive motion deadline and the final Pretrial Conference and trial settings will be continued as requested by Plaintiffs in their motion, but the fact discovery deadline will only

be extended to June 28, 2013, the expert discovery deadline will only be extended to December 6, 2013, and the extensions requested for the expert disclosures and reports will not be extended the full amount requested.

Accordingly, the Scheduling Order deadlines are amended as follows:

| **Event** | **Deadline/Setting** |
| --- | :---: |
| All factual discovery completed | June 28, 2013 |
| Expert disclosures and reports | August 2, 2013 |
| Rebuttal expert reports disclosures and reports | October 11, 2013 |
| Deadline for response to a rebuttal report, provided that the party that produced the rebuttal report did not produce a prior expert report | November 8, 2013 |
| All expert discovery completed | December 6, 2013 |
| Proposed pretrial order due | January 10, 2014 |
| Final Pretrial Conference (by telephone) | January 17, 2014 @ 10:00 a.m. |
| All dispositive motions | January 27, 2014 |
| Motions challenging the admissibility of expert testimony | January 27, 2014 |
| Trial | May 5, 2014 at 8:00 a.m. |

Absent exceptional circumstances, the parties should assume that this will be the last and final modification of the Scheduling Order deadlines. The schedule adopted in this Fifth Amended Scheduling Order shall not be modified except by leave of Court upon a showing of exceptional circumstances.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Modify the Fourth Amended Scheduling Order (ECF No. 229) is granted in part and denied in part as set forth herein.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 7th day of January 2013.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge
